UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-cv-21719-WMH

| | |
|---|---|
| DM RECORDS, INC. | ) |
| PLAINTIFF, | ) ) ) |
| v. | ) ) |
| X-CLUSIVE RECORDS, INC., BENJAMIN FERRER, JR., LAZARO CUNILL, and GABRIEL PEREZ | ) ) ) ) |
| DEFENDANTS. | ) ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT BENJAMIN FERRER, JR.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

COMES NOW the Plaintiff, DM Records, Inc. (hereinafter "Plaintiff"), by and through its attorney Charlotte Towne, Esq., respectfully requests that Defendant Benjamin Ferrer, Jr.'s Motion for an Extension of Time to Respond to Complaint ("Motion") be denied, and in support thereof, Plaintiff states as follows:

1. On June 18, 2012, Plaintiff served the Summons and Complaint in the above styled case upon Defendant Benjamin Ferrer, Jr. ("Ferrer"). [DE #7]. Ferrer's response is therefore due July 9, 2012.

2. On July 9, 2012, the same day that Ferrer's answer is due ("Answer"), Ferrer filed his Motion on behalf of himself, pro se, requesting that the Court grant him a 30 day long extension, from July 9, 2012 to August 9, 2012, to file his response to the Complaint. [DE #11].

3. Ferrer has failed to demonstrate that good cause exists to justify an extension from July 9, 2012 to August 9, 2012 to respond to the Complaint.

4. Ferrer argues that an extension of time is justified here because he is allegedly in the process of resolving the issues in the Complaint with the Plaintiff and therefore does not want to waste the Court's time and resources.

5. Ferrer's claim that he is in the process of resolving the issues in the Complaint with Plaintiff is misleading. His first contact with Plaintiff was late in the evening on Thursday, July 5, 2012, just four days before the Answer due date, and such contact was in the form of an offer to negotiate a settlement that he emailed to Plaintiff's undersigned counsel and Plaintiff. Nowhere in his correspondence did Ferrer request for an extension of time to file a response to the Complaint. Instead, as a tactic to convince Plaintiff to pay him a monetary settlement, Ferrer stated that he was ready, willing and able to respond to the Complaint. Additionally, Ferrer specifically described what some of his intended responses were going to be in his Answer to specific allegations in the Complaint. Due to the last minute nature of Ferrer's contact with Plaintiff prior to the Answer deadline, and since it was clear that he was already preparing his Answer, Plaintiff's undersigned counsel promptly responded to Ferrer's email the next day, on Friday, July 6, 2012, via email and informed him that the Answer deadline of July 9, 2012 still stands.

6. Since Ferrer failed to confer with Plaintiff's counsel regarding his request for an extension prior to filing his Motion on the same day his Answer is due, and as illustrated in the paragraph above, since Plaintiff has not shown good cause for the extension, Plaintiff respectfully requests that the Court deny Ferrer's Motion and that Plaintiff be awarded any additional relief as this Court deems just and proper.

Dated: July 9, 2012                                             Respectfully submitted,

                                                                CHARLOTTE TOWNE, P.A.
                                                                Attorney for Plaintiff

By: /s/ *Charlotte Towne*
Charlotte Towne, Esq.
Florida Bar Number: 64096
499 East Sheridan Street, Suite 201
Dania Beach, Florida 33004
Phone:  (954) 306-6624
Fax:  (954) 306-6027
Email:  legal@charlottetownelaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 9, 2012, a true and correct copy of the foregoing was electronically filed with the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served on Defendant Benjamin Ferrer, Jr. at 6237 SW 25th Street, Miramar, FL 33023 via first class U.S. mail, this July 9, 2012.

By: /s/ *Charlotte Towne*
Charlotte Towne, Esq.